## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARRY G. THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 19-2219-JWL** |
| ) | |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees under the

Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 18) (hereinafter EAJA

Mot.).    The Commissioner objects to award of fees, arguing alternatively that his

position was substantially justified or a fee award would be unjust in the circumstances.

The court agrees, both that the Commissioner's position was substantially justified and

that special circumstance make an award unjust.    Therefore, the court DENIES

Plaintiff's motion for attorney fees as explained hereinafter.

## I.    Background

Plaintiff sought review of the Commissioner's decision denying disability

insurance benefits and supplemental security income.    (Doc. 1).    The Commissioner

answered and filed the transcript of record with the court.   (Doc. 8 & Attach. 1).   After

briefing was complete, this court found "little merit in much of Plaintiff's argument"

(Doc. 16, p.5) (hereinafter, Ct.'s Decision), but "because … the ALJ erred in completing

the record, remand [wa]s necessary."   Id. at 6.   The court entered judgment remanding

the case for further consistent proceedings.   Id. at 10.   Plaintiff now seeks payment of

attorney fees pursuant to the EAJA.   (EAJA Mot.).

　　　Plaintiff's counsel attached affidavits to his briefs establishing that:   (1) he and co-

counsel are employed by Kansas Legal Services, Inc., and represented Plaintiff before

this court, (2) he expended 6.3 hours in his representation and requests a rate of $200 per

hour for a fee of $1,260.00, and (3) co-counsel expended 30.2 hours in his representation

and requests a rate of $150 per hour for a fee of $4,530.00, resulting in (4) a total fee of

$5,790.00.

## II.　　Legal Standard

　　　The court has a duty to evaluate the reasonableness of every fee request.   Hensley

v. Eckerhart, 461 U.S. 424, 433-34 (1983).   The EAJA,[1] 28 U.S.C. § 2412, requires that

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United
States fees and other expenses ... unless the court finds that the position of
the United States was substantially justified or that special circumstances
make an award unjust.    ...

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless
the court determines that an increase in the cost of living or a special factor,

a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)).   The test for substantial justification is one of reasonableness in law and fact.   Id.   The Commissioner bears the burden to show substantial justification for her position.   Id.; Estate of Smith, 930 F.2d at 1501.

"The 'special circumstances' exception to the attorneys' fees provisions of the Equal Access to Justice Act was developed to ensure that the Government is not deterred from advancing good faith but novel legal arguments, and to protect the Court's discretion to rely upon equitable factors in denying a fee award."   Murkeldove v. Astrue, 635 F.3d 784, 794–95, (5th Cir. 2011) ("gives courts discretion to deny awards where equitable considerations dictate an award should not be made."); Abela v. Gustafson, 888 F.2d 1258, 1266 (9th Cir. 1989) (citing H. R. Rep. No. 96–1418 at 11, reprinted in 1980 U. S. Code Cong. & Admin. News at 4953, 4990) ("This 'safety valve' … gives the court discretion to deny awards where equitable considerations dictate an award should not be made.")).

---

... justifies a higher fee.

28 U.S.C. § 2412.

The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.   Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).   The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended.   Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

## III.   Discussion

### A.   Arguments

The Commissioner claims the issue upon which the court found remand necessary appeared to be raised by Plaintiff as an afterthought and that it was discussed in only three sentences of Plaintiff's Social Security Brief and not developed "in any meaningful way."   (Doc. 20, p.3) (hereinafter EAJA Response).   He claims the facts "provided a reasonable basis for the Commissioner's position that Plaintiff was confused about whether he submitted that letter to the agency."   Id. at 4-5.

Plaintiff filed a memorandum in support of his motion after the Commissioner filed his response and argued the Commissioner's position was not substantially justified. (Doc. 21) (hereinafter EAJA Memo).   He argues that in its decision the court essentially agreed with Plaintiff that "the Plaintiff, at his initial ALJ hearing on November 8, 2017, submitted two documents which the ALJ intended to make part of the record."   (EAJA Memo 3).   He argues the Commissioner "took the unreasonable position that there was no 'missing evidence,'" and that the ALJ's action in the underlying proceeding "of

4

misplacing and/or simply failing to exhibit or discuss the two documents that the Plaintiff (who was pro se at that hearing) gave to the hearing reporter" was also unreasonable. (EAJA Memo 4).   He argues that the Commissioner did not argue harmless error but took the position that there were no documents missing from the record.   Id.

The Commissioner justifies his argument that an award of fees would be unjust by arguing that the court found little merit in much of Plaintiff's argument, noted Plaintiff misrepresented much of the record evidence, and specifically discussed "one egregious example."   (EAJA Response 6) (quoting Ct's Decision at 5).   He asserts, "Under these circumstances, the Court should find an award of EAJA fees from the public fisc would be unjust."   Id.   In addition, he argues Plaintiff's argument on this issue in his Social Security Brief was a bare three sentences which contributed little, if any, to the reversal of the case and the court should find an award of fees unjust.   Id. at 7-8.

Plaintiff responds that these arguments are insufficient to overcome the purpose of the EAJA to motivate attorneys to represent claimants in litigation against the force of the government.   (EAJA Memo 5).   He points out that his attorney before this court did not represent him at the ALJ hearing and "had to spend additional time in becoming familiar with the record in order to fully brief this case at the federal level."   Id. at 5-6.   He argues that his counsel developed other arguments for remand which the court did not choose to evaluate and "that fact should not constitute a reason for denying Plaintiff's motion for attorney fees."   Id. at 6.

### B.   Analysis

The court finds it necessary in the first instance to explain its handling of and its findings in its decision of this case.   As it does in every case that comes before it, the court evaluated every claim of error presented by Plaintiff in this case.   In its regular course it then decides what claims need to be addressed in its decision of the case, and it did so in this case.   As the Commissioner points out, after evaluating Plaintiff's claims the court expressly noted that it found "little merit in much of Plaintiff's argument and much of it appears to be merely a request for the court to reweigh the evidence, accept Plaintiff's subjective allegations made both at the hearing and in the medical records, and substitute its judgment thereof for that of the Commissioner."   (Ct's Decision 5). Moreover, even though it was merely dicta which would not affect the court's decision to remand, the court felt it necessary to address "one egregious example" of the "many instances" of Plaintiff's misrepresentation of the medical records.   Id. at 5-6.

### 1.    The Commissioner's Position Was Substantially Justified

As the Commissioner points out, Plaintiff's entire argument regarding the incomplete record consisted of three sentences:   "The record in this case is incomplete for a number of reasons.   At the hearing, plaintiff provided the ALJ with a note from his doctor and a list of medications.   The ALJ did not include them in the record."   (Doc. 11, p.8) (hereinafter Pl. Br.).   Moreover, this argument was placed in the introduction to the "Argument" section of Plaintiff's Brief and was not included in the six numbered arguments in his Brief.   As the Commissioner suggests, it is likely this argument would

have been deemed waived as undeveloped but the Commissioner addressed it in his

Social Security Brief and Plaintiff further developed it in his Reply Brief.

Nonetheless, the thrust of Plaintiff's argument was that Plaintiff provided a letter

from his doctor to the ALJ at the hearing and the ALJ failed to include it in the record.

(Pl. Br. 8; Doc. 15, pp.6-7 (hereinafter Pl. Reply)).   The thrust of the Commissioner's

opposing argument was not that there was no missing evidence as Plaintiff claims, but

that Plaintiff did not submit a letter from his doctor at the hearing and that Plaintiff was

mistaken in his hearing testimony that he had submitted the letter at an earlier hearing

because there was no earlier hearing.   (Doc. 14, pp.6-7) (hereinafter Comm'r Br.).   In

it's decision in this case, the court quoted two portions of the hearing transcript, in one of

which Plaintiff discussed both a letter from Dr. Greer that he gave his "attorney the last

time I was here in June" and a medication list from the VA, and in the other of which he

discussed evidence of a 10% disability award from the VA.   (Ct's Decision 7-8) (quoting

R. 48-49, 55).   The court discussed the evidence and found it clear that "Plaintiff

intended and was instructed to provide at least two items of evidence to the hearing

assistant."   (Ct's Decision 8).   It then noted the parties' arguments:

> Plaintiff contends one piece of evidence submitted was a letter from Dr.
> Greer, Plaintiff's treating physician, and the Commissioner contends the
> letter from Dr. Greer must have been submitted in June 2017 by Plaintiff's
> attorney at a hearing before some unnamed and unknown agency, but not at
> the ALJ hearing in this case in November 2017 where Plaintiff appeared
> unrepresented.

Id. at 8-9. The court explained it had "searched the record in this case extensively in an attempt to ascertain the evidence which was at issue to be presented to the hearing assistant at the hearing but has been unable to definitively decide the issue." Id. at 9. The reason for this impasse was that the record evidence supported both arguments, but it did not confirm which, if either, was correct. Therefore, the court found remand necessary for the Commissioner to address the issue in the first instance. The Commissioner's argument before this court was clearly substantially justified.

Plaintiff also argues that the ALJ's failure to include the evidence submitted in the record was unreasonable, and therefore suggests that the Commissioner's "position" in the agency proceedings was not substantially justified. While it is clear that the record does not include evidence which was intended to have been given to the hearing assistant and included in the administrative record, it is not clear what that evidence was, whether all of it was given to the hearing assistant, whether it was placed in the record, or whether it was determined to be duplicative of evidence already in the record. If the evidence was in fact given to the hearing assistant and was not duplicative of evidence already in the record but was not placed in the record, that was error attributable to the agency in the proceedings below. But the mere presence of error in the proceedings, especially an unintended mistake in the process (and Plaintiff has not shown that the agency, the ALJ, or the hearing assistant intended to omit some evidence from the record) cannot properly be described as "unreasonable" or as a "position" taken by the agency in its proceedings which was not substantially justified.

Moreover, Plaintiff could have rectified this error at either step in the proceeedings after the ALJ issued the decision.   The ALJ decision in this case is dated January 18, 2018, and the appointment of current counsel as Plaintiff's representative is dated March 6, 2018.   (R. 24, 39).   Plaintiff provided his representative brief to the Appeals Council on May 7, 2018, and as he suggested in his EAJA memorandum here, he argued that Dr. Greer's letter was omitted from the administrative record.   (R. 15, 19, 21, 333-35). However, he did not present a copy of the letter to the Appeals Council or to this court and did not request the Appeals Council remand for consideration of the letter and did not seek remand from this court pursuant to sentence six of 42 U.S.C. § 405(g) for completion of the record and consideration of the letter.   Award of attorney fees is inappropriate because the Commissioner's position was substantially justified.

### 2.      Special Circumstances Make an Award of Fees Unjust

The court finds that even if the Commissioner's positions before this court and in the proceedings below were not substantially justified, it would find special circumstances making award of attorney fees unjust.   As the court noted above, it found little merit in much of Plaintiff's argument and that it appeared to be a request to reweigh the evidence, accept Plaintiff's subjective allegations, and substitute its judgment for that of the Commissioner.   In other words, Plaintiff primarily asked the court to ignore its standard of review and to usurp the Commissioner's duty to decide the issues. Moreover, Plaintiff's case was largely built on misrepresentation of the medical records. In such circumstances it would be inequitable to award attorney fees after finding remand

was necessary merely on a technicality, the resolution of which the court was unable to discern from the record.   See, Cripps v. Berryhill, No. CIV-14-416-JHP-KEW, 2017 WL 2455679, at \*1 (E.D. Okla. 22 May 22, 2017), report and recommendation adopted, No. 14-CV-416-JHP-KEW, 2017 WL 2455086 (E.D. Okla. 6 June 6, 2017).   In Cripps, the court found a close factual question in a case with facts similar to those present here. There, however, the court was unwilling to completely deny a fee, noting that counsel "represented as an officer of the court that he submitted the documents in accordance with the procedures outlined by the Appeals Council and, based upon these representations, counsel's fee will not be denied in toto."   Id.   Here, counsel did not even attempt to submit the allegedly missing evidence to the Appeals Council or to the court.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. 18) be DENIED.

Dated this 30th day of July 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**

10